Daniel M. Metz
c/o 2511 Westminster Terrace
Oviedo, Florida state
Non domestic without the UNITED STATES

In the Eighteenth Judicial Circuit Court
In and For Seminole County, Florida

Petition for Declaratory Judgment and Permanent Injunction

Request of Necessity for Expedited Hearing

Daniel M. Metz, Petitioner, a man, doing business as DANIEL M. METZ
c/o 2511 Westminster Terrace, Oviedo, Florida state non domestic

vs.

Douglas H. Shulman, Respondent, doing business as COMMISSIONER of the INTERNAL
REVENUE SERVICE at 1111 Constitution Avenue, N.W., Washington, DC 20224
and
Jennifer Wolk, Respondent, doing business as Special Agent JENNIFER WOLK for Principals
unknown at 850 Trafalgar Court, Suite 214, Maitland, Florida 32751

Judge: Vicew J. J. Rodsill   Case Number: 2012 CA #00019| -0000-00

Submitted by: Daniel M. Metz, Real Party in Interest.

Comes Now Petitioner, Daniel M. Metz, a man and Real Party in Interest, by and through
special, limited appearance, and respectfully petitions this honorable Court for relief by granting
declaratory judgment in relation to the admission of facts by the INTERNAL REVENUE
SERVICE, a corporation, and by granting a permanent injunction against Respondents.

Daniel Metz's Petition, regardless if deemed inartfully plead, must be held to a less
stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be
dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to relief." [for your reference in the
nature of Haines v. Kerner, 404 U.S. 519-521; Richardson v. Fleming, 651 F 2d at 368 (quoting
Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d. 251, (1976); Conley v. Gibson, 355

U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957))]. Petitioner's factual allegations in the text must be

accepted as true, along with any reasonable inferences that may be drawn there from. [in the

nature of Ryland v. Shapiro, 708 F.2d. 967 (5th Cir.1983)].

Petitioner is a natural flesh and blood living man, over the age of 18 and lives on the land

in Seminole County, in the State of Florida and is entitled to the protection of its laws. Petitioner

is not a corporation or other fictitious entity.

## JURISDICTION AND VENUE

1. Declaratory judgments are provided for by state law in Florida Statutes, Chapter 86 (see also
   the Uniform Declaratory Judgments Act).

2. Petitioner has the right to petition for declaratory judgment on the issues related to this
   matter.

3. Respondent's intentional acts occurred within Seminole County.

4. Respondents, by their actions, have been conducting business in Seminole County.

5. A substantial part of the events giving rise to the claim that are the subject of the action
   occurred within Seminole County.

6. Judgment on this petition will not harm the public.

7. This Court has jurisdiction to hear the facts in this action.

8. Seminole County is the proper venue in this action.

## GENERAL FACTUAL BACKGROUND

9. On or about December 29, 2003, Petitioner presented questions to the Internal Revenue
   Service (IRS), via certified mail #7099 3400 0008 6049 1338 (Exhibit A), for the purpose of
   ascertaining if a lawful relationship exists between Petitioner and the IRS, a corporation.

10. Petitioner failed to receive a response to the questions presented to the IRS as evidenced in and by the Witnessed Declaration Statement, dated February 10, 2004 (Exhibit B).

11. On or about February 10, 2004, Petitioner presented a Notice of Fault in Dishonor to the IRS, via certified mail #7099 3400 0009 0647 8378 (Exhibit C). Petitioner offered the IRS a second opportunity and additional time to respond to the questions.

12. Petitioner failed to receive a response to the second presentment of the questions to the IRS as evidenced in and by the Witnessed Declaration Statement, dated March 8, 2004 (Exhibit D).

13. On or about March 8, 2004, Petitioner presented a Notice of Default in Dishonor to the IRS, via certified mail #7099 3400 0008 6049 1208 (Exhibit E). Petitioner offered the IRS a third opportunity and additional time to respond to the questions.

14. Petitioner failed to receive a response to the third presentment of the questions to the IRS as evidenced in and by the Witnessed Declaration Statement, dated March 19, 2004 (Exhibit F).

15. On or about March 19, 2004, Petitioner presented a Notice of Default to the IRS, via certified mail #7099 3400 0009 0660 4999 (Exhibit G). Petitioner offered the IRS a fourth opportunity and additional time to respond to the questions.

16. Petitioner failed to receive a response to the fourth presentment of the questions to the IRS as evidenced in and by the Witnessed Declaration Statement, dated March 26, 2004 (Exhibit H).

17. This matter has been adjudicated by a private administrative process.

18. The IRS admitted that they have no lawful authority over Petitioner.

19. The IRS admitted that Petitioner has no duty or obligation to the IRS.

20. At various times between February, 2009 and January, 2011 an individual identifying himself as an agent of the IRS has repeatedly communicated with Petitioner.

21. The alleged agent has entered the workplace of Petitioner.

22. At approximately 8:00 AM on November 8, 2011, individuals identifying themselves as JENNIFER WOLK, Special Agent, and JAMES WURST, Special Agent, trespassed on to private property at 2511 Westminster Terrace, Oviedo, Florida.

23. On November 8, 2011, JENNIFER WOLK indicated that Daniel Metz was a subject of an IRS investigation.

## CAUSE OF ACTION I – DECLARATORY JUDGMENT

24. Petitioner re-alleges paragraphs 1-23.

25. Declaratory judgments permit the court to declare rights, status, obligations or other equitable relations. The Declaratory Judgments Act allows relief to be given by way of recognizing the petitioner's rights even though no immediate enforcement of it was asked.

26. This matter has been adjudicated and no further controversy exists between Petitioner and the INTERNAL REVENUE SERVICE, a corporation.

27. Petitioner and the IRS have reached prior agreements, stare decisis and res judicata.

28. IRS is in collateral estoppel, but Respondents are moving past the estoppel in contempt of the prior agreements.

29. Petitioner denies that there are any contracts, express or implied, between Petitioner and the INTERNAL REVENUE SERVICE, Douglas Shulman, Jennifer Wolk or any other party, real or pretended.

## CAUSE OF ACTION II – PERMANENT INJUNCTION

30. Petitioner re-alleges paragraphs 1-29.

31. Individuals alleging to be agents of the IRS, and allegedly under the authority of Respondent Douglas Shulman, willfully continue to contact Petitioner, and make allegations contrary to the facts stated herein.

32. The IRS website states that "Publicity . . . provides a deterrent effect . . ." and "CI [Criminal Investigation] must investigate and assist in the prosecution of those significant financial investigations that will generate the maximum deterrent effect . . ." [emphasis added]

33. Petitioner, an active member of his community and a businessman, will be immediately and irreparably harmed by publicity associated with any potential actions by the Respondents if an injunction is not issued.

34. An award of monetary damages will not remedy the likelihood of loss of Petitioner's personal and professional relationships caused by publicity.

35. The imminent likelihood of irreparable harm to Petitioner outweighs the harm that an injunction would inflict on Respondents. It is unlikely that Respondents will be harmed in any way by the injunction.

36. Petitioner's Petition for Declaratory Judgment has been brought before this Court and there is a substantial likelihood that Petitioner will prevail on the merits of this instant action.

37. Issuance of a permanent injunction would not adversely affect the public interest or public policy.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully asks the Court to:

1. Grant declaratory judgment in favor of Petitioner because issues are settled res judicata and stare decisis;

2. Ratify and approve in the public the private administrative process previously adjudicated by Allison Brunette, Notary Public;

3. Order Respondent to cease all examination and investigation activities related to Petitioner;

4. Set the Request of Necessity for an emergency hearing for Preliminary Injunction at the earliest possible time;

5. Issue a permanent injunction against Respondents and their corporation to prevent any future action against Petitioner;

6. Grant such other relief as the Court may deem reasonable and just under the circumstances.

## VERIFICATION

I, Daniel M. Metz affirm I am of or over the age of twenty-one years, competent to testify, with firsthand knowledge and of my own unlimited commercial liability do affirm and say that I have read the foregoing Petition and do know the contents to be true, correct, and complete of my own personal knowledge, and not misleading.

_____                                    _____
Daniel M. Metz, Real Party In Interest                                 date
c/o 2511 Westminster Terrace
Oviedo, Florida state

The foregoing was subscribed and sworn before me, a Notary Public of the State of Florida, this 11th day of January, 2012.

WITNESS my hand and official seal

_____                                    _____
Notary Public                                                          date

My commission expires: _____

DELLA AVIS WEDGE
NOTARY PUBLIC
STATE OF FLORIDA
Comm# DD0929589
Expires 10/24/2013