IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| DANIEL M. METZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 6:12-cv-00332-GKS-KRS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

The United States of America, the real defendant in interest, by and through the undersigned counsel, moves to dismiss Plaintiff Daniel M. Metz's petition for Declaratory Judgment and Permanent Injunction nominally brought against Douglas Shulman, Commissioner of the Internal Revenue Service, and Internal Revenue Service Agent Jennifer Wolk, in their official capacities.

It is well settled that, absent an unequivocally expressed waiver, sovereign immunity shields the Federal Government, its agencies, and its officers acting in their official capacity from suit. However, Plaintiff has failed to identify a specific statutory provision waiving sovereign immunity. In addition to this suit being bared on sovereign immunity ground generally, both counts should also be dismissed for violating specific statutory provisions denying this Court subject matter jurisdiction. The Anti-Injunction Act, 26 U.S.C. § 7421, expressly divests subject matter jurisdiction from any court considering a taxpayer's action that would restrain IRS activities which are intended to or may culminate in the assessment or collection of taxes. Moreover, the Tax Exception to the Declaratory Judgment Act, 28 U.S.C. §

2201, expressly precludes suits requesting declaratory judgments with regard to federal taxes. Consequently, this Court should dismiss Plaintiff's claims with prejudice.

**ARGUMENT**

This Court lacks jurisdiction to adjudicate Plaintiff's claims because (1) Plaintiff cannot establish subject matter jurisdiction since the United States has not waived its sovereign immunity, (2) the Anti-Injunction Act divests this Court's subject matter jurisdiction to adjudicate both of Plaintiff's claims, and (3) the Tax Exception to the Declaratory Judgment Act also bars Plaintiff's claim for declaratory judgment.

**I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY.**

It is well settled that, absent a waiver, sovereign immunity shields the Federal Government, its agencies, and its officers acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Congress may waive sovereign immunity, but such a waiver must be "unequivocally expressed," and the waiver "is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). A party bringing suit against the United States bears the burden of identifying a specific statutory provision waiving sovereign immunity in order to establish subject matter jurisdiction. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Any waivers of sovereign immunity must be strictly construed and exceptions cannot be implied. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Nordic Village, Inc.*, 502 U.S. 30, 34-35 (1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990). Here, Plaintiff has not, and cannot, point to an

applicable waiver of sovereign immunity by the United States. Accordingly, this Court should dismiss Plaintiff's complaint for lack of jurisdiction.

> II. **THE ANTI-INJUNCTION ACT, 26 U.S.C. § 7421, PROHIBITS THIS COURT FROM ASSERTING JURISDICTION OVER PLAINTIFF'S CLAIMS.**

> A. **The Anti-Injunction Act Bars Plaintiff's Claims**

Plaintiff pleads two causes of action in his original complaint: (1) declaratory judgment and (2) request for permanent injunction. Both counts are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Aside from statutory exceptions that do not apply to Plaintiff's petition,[1] Section 7421(a) provides that:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of this Act is to protect the government's need to collect taxes expeditiously without pre-enforcement judicial interference and to require that the legal right to disputed sums be determined in a suit for refund. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974); *see also Enochs v. Williams Packing and Nav. Co., Inc.*, 370 U.S. 1, 17 (1962); *Gulden v. United States*, 287 F. Appx. 813, 816 (11th Cir. 2008). The scope of the Anti-Injunction Act is broad; in

---

[1] The Anti-Injunction Act carves-out several limited statutory exceptions. Internal Revenue Code Sections 6015(e) applies when a taxpayer petitions the Tax Court to review an innocent spouse relief determination; Sections 6212 and 6213 apply when a taxpayer seeks review by the Tax Court of a notice of deficiency; Sections 6225 and 6246 apply to assessments and restrictions regarding partnership level proceedings; Sections 6330 and 6331 apply to requirements and procedures for administrative levies; Section 6672(c) applies only when the responsible person has filed a bond within 30 days of the assessment to ensure collection; Section 6694 applies to certain return preparer penalty proceedings; Section 7426 applies in certain third-party wrongful levy actions; Section 7429 applies in proceedings to review jeopardy assessments; and Section 7436 applies to proceedings to determine employment status. None of these exceptions apply in this case.

addition to barring suits that directly seek to restrain the collection of tax, the Anti-Injunction Act also bars suits that seek to restrain "IRS activities which are intended to or may culminate in the assessment or collection of taxes." *Gulden*, 287 Fed. Appx. at 816.

Plaintiff seeks a judicial declaration that he has no duty or obligation to the IRS and seeks to enjoin the IRS from conducting tax-collection activities against him. The Anti-Injunction Act prohibits this Court from adjudicating Plaintiff's request for declaratory judgment and permanent injunction because the effect of a judicial declaration that Plaintiff seeks to obtain, and the enjoining of the IRS actions Plaintiff seeks to curtail, would restrain "IRS activities which are intended to or may culminate in the assessment or collection of taxes." *See Gulden*, 287 Fed. Appx. At 816. Indeed, a judicial declaration establishing the IRS does not have lawful authority over Metz, and/or that Metz does not have a duty or obligation to the IRS to pay taxes or otherwise, would certainly restrain the IRS's ability to assess and collect taxes from Metz. Further, any injunction prohibiting the IRS from engaging in collection activities, by its very nature, would restrain IRS activities that are intended to or may culminate in the assessment or collection of taxes. Accordingly, this Court should dismiss Plaintiff's claims because the Anti-Injunction Act circumvents this Court from asserting jurisdiction over Plaintiff's claims.

      **B.**    **No Judicial Exception to the Anti-Injunction Act Applies to Plaintiff's Claims.**

Courts have implied a narrow exception to the Anti-Injunction Act; however, Plaintiff cannot meet the exception. Courts have implied a narrow exception to the Anti-Injunction Act under *Williams Packing* if the injunction-seeking party can show two things: (1) that "under no circumstances" can the United States ultimately prevail on the merits of the case *and* (2) the party lacks an adequate remedy at law. *Williams Packing*, 370 U.S. at 6-8. When applying this

judicial exception, the Court must view both the facts, and the law, in the light most favorable to the United States. *Id*. at 7; *see also Lange v. Phinney*, 507 F.2d 1000, 1006 (5th Cir. 1975).[2]

      i.      "Under No Circumstance" Test

Plaintiff has not satisfied the first test under *Williams Packing* because he has not shown that "under no circumstances" can the United States prevail on the merits of the case. *See Williams Packing*, 370 U.S. 6-8. "Under no circumstance" means the United States must be unable to establish a good faith claim under the most liberal view of the law and facts. *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974). To rebut a *Williams Packing* argument, the United States merely needs to show it has a good faith basis for its position, not that it would necessarily prevail. *Williams Packing*, 370 U.S. at 7-8; *see also Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990).

To the extent Plaintiff seeks a blanket judicial declaration that he has no duty or obligation to the IRS–and, thus, the IRS should be enjoined from any collection activity against him–Plaintiff's position would be futile and misguided. The IRS's authority to conduct investigations and collection activities is well established. 26 U.S.C. §§ 6331 *et. seq.*, 7601 *et. seq.* The Internal Revenue Service is authorized to, *inter alia*: conduct examinations of books and witnesses (26 U.S.C. § 7602); issue and enforce summonses (26 U.S.C. §§ 7403, 7404); and enter certain premises for examination of taxable objects (26 U.S.C. § 7406). Additionally, the IRS's authority to conduct collection activity is broad. If a person liable to pay any federal tax

---

    [2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

neglects or refuses to pay such liability after demand, a federal tax lien arises in the amount "in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Indeed, the statutory language of 26 U.S.C. § 6321 *et. seq.* is broad and reveals on its face that Congress meant to reach "every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). However, because a tax lien is not self-executing, the government must take affirmative action to collect the underlying tax debt. *EC Term of Years Trust v. United States*, 550 U.S. 429, 430-1 (2007). Where a taxpayer owes the government for unpaid tax liabilities, the Internal Revenue Code authorizes the IRS to levy upon all property and rights to property of a taxpayer in order to collect his or her tax liability. *Id.*; *see also* 26 U.S.C. § 6331. Accordingly, both of Plaintiff's claims alleging the IRS does not have lawful authority to conduct collection activity against him lack legal and factual merit.

Thus, rather than the United States being unable to prevail on the merits of the claims "under any circumstance," it is unclear that there are any circumstances under which Plaintiff can prevail on the merits. Consequently, because Plaintiff has not met the "under any circumstance" test of *Williams Packing*, this Court should dismiss Plaintiff's claims as bared by the Anti-Injunction Act.

    ii.  "Adequate Remedy" Test

Plaintiff also has not shown he lacks an "adequate remedy at law," and thus, has failed to meet the second *Williams Packing* test. *See Williams Packing*, 370 U.S. at 6-8. The IRS is clearly authorized to conduct investigations and collection activities. 26 U.S.C. §§ 6331 *et. seq.*, 7601 *et. seq.* To the extent Plaintiff desires that the IRS conclude its collection activities,

Plaintiff's option of paying any disputed tax and suing for a refund constitutes an "adequate remedy at law." *See Gulden*, 287 Fed. Appx. at 817; *see also Hobson v. Fischbeck*, 758 F.2d 579, 581 (11th Cir.1985). Accordingly, because a refund suit under 26 U.S.C. § 7422 provides Plaintiff an "adequate remedy at law," Plaintiff cannot meet the second *Williams Packing* test. Consequently, this Court should dismiss Plaintiff's claims as barred by the Anti-Injunction Act.

### III. THE TAX EXCEPTION TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, ALSO PROHIBITS THIS COURT FROM ASSERTING JURISDICTION OVER PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT.

To the extent Plaintiff's request for declaratory judgment is not covered by the Anti-Injunction Act, Plaintiff's claim is prohibited by the Tax Exception to the Declaratory Judgment Act., 28 U.S.C. § 2201. That statute provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

(Emphasis added).

Here, Plaintiff's attempt to obtain a judicial declaration to establish that he does not have a legal obligation to pay his federal tax liabilities is barred by the Tax Exception to the Declaratory Judgment Act because he seeks a judicial determination "with respect to Federal taxes." *See* 28 U.S.C. § 2201. The fact that Metz does not request a *specific* determination of his federal tax liabilities is irrelevant; the Tax Exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act. *Bob Jones*, 416 U.S. at 732 n.7; *Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.2 (11th Cir. 2003). Consequently, like the

Anti-Injunction Act, the Tax Exception to the Declaratory Judgment Act prohibits Plaintiff's request for a judicial declaration that seeks to restrain IRS activities that are intended to or may culminate in the assessment or collection of taxes. *See* id.; *See also Gulden*, 287 Fed. Appx. at 816. Thus, this Court should dismiss Plaintiff's declaratory judgment claim for lack of jurisdiction.

## **CONCLUSION**

A party bringing suit against the United States bears the burden of identifying a specific statutory provision waiving sovereign immunity in order to establish subject matter jurisdiction. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Here, Plaintiff has not, and cannot, establish that the United States has waived its sovereign immunity, and thus, this Court should dismiss Plaintiff's complaint for lack of jurisdiction.

Moreover, Plaintiff pleads two causes of action in his original complaint: (1) request for declaratory judgment and (2) request for permanent injunction. Both counts are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Plaintiff's declaratory judgment count is also barred by the Tax Exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. Accordingly, this Court should dismiss Plaintiff's complaint for lack of jurisdiction.

Dated: March 7, 2012

Respectfully submitted,

JOHN A. DiCICCO

Principal Deputy Assistant Attorney General
Tax Division

By: s/ Alexander J. Merton
ALEXANDER J. MERTON
Alexander.J.Merton@usdoj.gov
U.S. Department of Justice
Trial Attorney, Tax Division

Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0563
Facsimile: (202) 514-9868
Attorney for Defendant, United States of America

Of Counsel:

RICHARD E. O'NEILL
United States Attorney

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 7 ,2012, along with sending the foregoing document to the individual below, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will automatically transmit Notice of Electronic Filing to all attorneys of record, as follows:

    Daniel M. Metz
    2511 Westminster Terrace
    Oviedo, Florida, 32765
    *Pro Se*

        s/Alexander J. Merton
        Alexander J. Merton
        U.S. Department of Justice
        Trial Attorney, Tax Division